

Peter Strojnik (Sr.),
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No. **CV19-1148-PA(ASx)**

Peter Strojnik (Sr.),

Plaintiff,

vs.

Hyatt Hotels Corp. Dba Hyatt Place
Pasadena

Defendant.

CLASS ACTION

COMPLAINT

Jury Trial Requested

**RECEIVED**
2-11-19

1.  Plaintiff, individually on his own behalf and on behalf of others similarly situated, brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design and guidelines ("ADA"), (2)  California Unruh Civil Rights Act, Cal. Civ. Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA"),  (4) Intentional Fraud and Deceit pursuant to Cal. Civ. Code §§1709 *et seq.*, (5) Fraud by Omission or Suppression of Fact pursuant to Cal. Civ. Code §1710(3), (6) Negligent Misrepresentation, (7) Violation of California's False Advertising Law pursuant to Cal. Civ. Code §§17500 *et seq.* (8) Violation of California's Unfair Competition Law pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.* and (9) Common Law negligence per se.

2.  The factual contentions in this complaint have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff alleges the following on information, belief, or by investigation, formed after an inquiry reasonable under the circumstances.

001724

# PARTIES

3. Plaintiff is an ADA Tester.

4. Plaintiff is a veteran of the US Army (Korea DMZ '72-'73) and a disabled person as defined by the ADA, Unruh and DPA. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis and femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA, Unruh and DPA.

5. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

# JURISDICTION AND VENUE

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

13. Defendant owns, operates, leases or leases to a lodging business ("Hotel") located at 399 E. Green Street, Pasadena, CA 91101 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## ALLEGATIONS COMMON TO ALL COUNTS

14. Defendant advertises its lodging services through, *inter alia,* third party boking websites (e.g. www.hotels.com) and its own first party booking website (https://www.hyatt.com/en-US/hotel/california/hyatt-place-pasadena/laczp?&mckv=sW7NccYqk_pdv_c_pcrid_320885098952_pmt_e_pkw_hyatt%20place%20pasadena_slid__pgrid_63936258637_ptaid_kwd-331831921128_&src=adm_sem_agn_pfx_crp_ppc__D+Brand-Los+Angeles+Other-GoldGP_google_Brand-Los+Angeles+Other-HP+Pasadena-Exact_e_hyatt%20place%20pasadena_Brand_&gclid=EAIaIQobChMInej1qs7A3wIVhv5kCh3V3QxCEAAYASAAEgJWKfD_BwE).

15. Defendant has a duty to ensure that first and third party booking websites identify and describe accessible features in the hotels and guest rooms offered through its third party and first party reservations services in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs. *See* 28 CFR §36.302(e).

16. For an individual with disability to assess independently whether a given hotel or guest room meets his or her accessibility needs, Defendant must disclose the accessibility features required to be implemented in Defendant's hotel by virtue of 42 U.S.C. §12188 *et seq*, the 2010 Standards for Accessibility Design, 28 CFR §36, ADA Accessibility Guidelines and Unruh (cumulatively "ADAAG").

17. Defendant's disclosures must be truthful and complete.

18. Defendant's first party booking website makes the accessibility disclosures as stated in Addendum A which is by this reference incorporate herein.

19. Defendant's third party booking website makes the accessibility disclosures as stated in Addendum A which is by this reference incorporate herein.

## CLASS ACTION ALLEGATIONS

20. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a class of Plaintiff's defined as follows: All disabled persons who lodged, intended to lodge in the past, or intend to lodge at Defendant's hotel in the future.

21. The Classes comprise of many consumers throughout the nation. The Class is so numerous that joinder of all members of the Class is impracticable. There are questions of law and fact common to the Class. The common questions include:

A. whether Defendant's alleged conduct violates public policy; and

B. Whether Defendant violated (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, Cal. Civ. Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA"), (4) Intentional Fraud and Deceit Cal. Civ. Code §§1709 *et seq.*, (5) Fraud by Omission or Suppression of Fact Cal. Civ. Code §1710(3), (6) Negligent Misrepresentation, (7) Violation of California's False Advertising Law Cal. Civ. Code §§17500 *et seq.* (8) Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200 *et seq.* and (9) Common Law negligence per se.

C. whether the alleged conduct constitutes violations of the laws asserted herein; and

D. whether Defendant engaged in false or misleading advertising; and

E. Whether Defendant engaged in fraud, including bait and switch; and

F. whether plaintiff and Class Members have sustained monetary loss and the proper measure of that loss; and

G.  whether plaintiff and Class Members are entitled to an award of punitive damages; and

H.  whether plaintiff and Class Members are entitled to declaratory and injunctive relief.

22. Plaintiff's claims are typical of the claims of the proposed Class, and plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the Class. Plaintiff has been a lawyer licensed by the State Bar of Arizona for a period of between 1980 and 2018 when he resigned because his "continuing association with the State Bar is inconsistent with [his] core principles of morality and fair play". Plaintiff is competent and experienced in the prosecution of this type of litigation and intends to conduct this litigation until the certification of the class at which time Plaintiff intends to engage competent counsel to wrap it up. The questions of law and fact common to the Class Members, some of which are set out above, predominate over any questions affecting only individual Class Members.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

24. Unless a class is certified, Defendant will retain monies received as a result of its conduct that was taken from plaintiff and proposed Class Members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the Members of the Class and the general public will continue to be misled.

25. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### Violation of Civil Rights Under the ADA

26. Plaintiff and Class Members reallege all allegations heretofore set forth.

27. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

28. Plaintiff intended to visit the Pasadena area on or about January 2, 2018 and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

29. Third party booking websites disclosed general availability and description of Defendant's Hotel as documented in Addendum A which is by this reference incorporated herein.

30. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff or any member of the Class to assess independently whether Defendant's Hotel meets his/her/their accessibility needs as more fully documented in Addendum A.

31. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

32. Thereafter, Plaintiff consulted Defendant's first party booking website which made the following disclosure:



ADA

Emergency strobe light and smoke detector

Wide doors

Closed-captioned TV

Lowered thermostat and light switches

Lowered peephole and door latch

Accessible bathroom

33. Plaintiff booked a room at the Hotel for the night of January 2, 2019.



Thanks, Peter!

**Your booking in Pasadena is confirmed.**

✓ **Hyatt Place Pasadena** is expecting you on **January 2**

✓ Your **payment** will be handled by Hyatt Place Pasadena. The "**Payment**" section below has more details

✓ You can cancel for FREE until December 30, 2018 11:59 PM [Pasadena].

✓ Make your trip even more special. See if there are available upgrades

Easily make changes online to all your bookings by creating a password.

| King Suite - Disability Access | $334 |
| 19.50 % TAX is included. | $65.13 |
| **Total Price** | **$399.13** |

34. The room ultimately provided to Plaintiff, however, was not have "disability access" as represented. Plaintiff's room was not "mobility accessible" as more fully documented in addendum A.

35. The removal of accessibility barriers listed above is readily achievable.

36. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

## COUNT II
### (Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)

37. Plaintiff and Class Members reallege all allegations heretofore set forth.

38. Plaintiff spent the night at the Hotel s alleged above.

39. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above as more fully documented in Addendum A.

40. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

41. Plaintiff and Class Members have been damaged by the Defendant's non-compliance with Unruh and are thereby aggrieved.

42. Pursuant to Cal Civ. Code §52, Plaintiff and Class Members are further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

43. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

## COUNT III
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

44. Plaintiff and Class Members reallege all allegations heretofore set forth.

45. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

46. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

47. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

48. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

49. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

**COUNT IV**
**Intentional Fraud and Deceit**
**(Cal. Civ. Code §§ 1709-1711)**

50. Plaintiff and Class Members reallege all allegations heretofore set forth.

51. Plaintiff brings this Count individually and on behalf of Class Members pursuant to California Civil Code §§ 1709-1711.

52. Defendant made material representations to Plaintiff and the Class Members that it was accessibility compliant but it was not.

53. Defendant has willfully deceived Plaintiff and the Class Members with the intent to induce Plaintiff and Class Members to alter their positions to their injury or risk, and are liable for the damages suffered by Plaintiff and Class Members

54. Defendant made the representations knowing that the representations were in fact not true.

55. Alternatively, Defendant made the representations with no reasonable grounds for believing them to be true.

56. Plaintiff and Class Members altered their position in reliance on Defendant's representations.

57. "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit." Cal. Civ. Code § 1711.

58. Defendant has intended to defraud the public, and the class defined herein, and are therefore deemed to have defrauded every member of the Class, all of whom were actually misled by Defendant's deceit.

59. Defendant is responsible for their material misrepresentations described above even if they did not intend any particular class member to rely on the misrepresentations because Defendant made the representations to groups of persons and the public at large, intending or reasonably expecting that it would be repeated to Plaintiff and the Class Members who are consumers that were actually misled into booking room at Defendant's Hotel.

60. Plaintiff and the Class, by lodging at the Hotel and otherwise, justifiably relied on Defendant's false and misleading representations.

61. As a direct and proximate result of Defendant's intentional misrepresentations and deceptive acts, Plaintiff and Class Members were induced to pay more for lodging than advertised.

62. Alternatively, Plaintiff and the Class allege that the lodging at the Hotel is priced at a super-premium in comparison to other places of lodging and that the premium price is commanded in the marketplace as a direct result of the false and misleading advertising tactics described in this complaint. This alternative premium-price measure of damages can be calculated on a uniform class-wide basis and Plaintiff and the class' out-of-pocket loss is the amount of the premium price that the Hotel commands.

63. Defendant's conduct was systematic, repetitious, knowing, intentional, and malicious, and demonstrated a lack of care and reckless disregard for Plaintiff and Class Members' rights and interests. Defendant's conduct thus warrants an assessment of punitive damages under Cal. Civ. Code § 3294 and other applicable states' laws, consistent with the actual harm it has caused, the reprehensibility of its conduct, and the need to punish and deter such conduct.

## COUNT V
### Fraud By Omissions / Suppression of Facts
### (Cal. Civ. Code § 1710(3))

64. Plaintiff and Class Members reallege all allegations heretofore set forth.

65. Defendant failed to disclose material facts about the accessibility of the Hotel to the disabled individuals, including the fact that hotel is not mobility accessible all as more fully stated in Addendum A.

66. Plaintiff and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed facts.

67. Defendant has willfully deceived Plaintiff and the Class Members with the intent to induce Plaintiff and the Class Members to alter their positions to their injury or risk, and is liable for the damages suffered by Plaintiff and the Class.

68. Alternatively, Plaintiff and the Class allege that the lodging at the Hotel is priced at a super-premium in comparison to other places of lodging and that the premium price is commanded in the marketplace as a direct result of the false and misleading advertising tactics described in this complaint. This alternative premium-price measure of damages can be calculated on a uniform class-wide basis and Plaintiff and the class' out-of-pocket loss is the amount of the premium price that the Hotel commands.

69. Defendant's conduct was systematic, repetitious, knowing, intentional, and malicious, and demonstrated a lack of care and reckless disregard for Plaintiff and Class Members' rights and interests. Defendant's conduct thus warrants an assessment of punitive damages under Cal. Civ. Code § 3294 and other applicable states' laws, consistent with the actual harm it has caused, the reprehensibility of its conduct, and the need to punish and deter such conduct.

## COUNT VI
### Negligent Misrepresentation

70. Plaintiff and Class Members reallege all allegations heretofore set forth.

71. Defendant had a duty to disclose to Plaintiff and Class Members correct information relating to its accessibility because (1) Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members were justified and (2) the Requirement of 28CFR§36.302(e). Defendant possessed the skills and expertise to know the type of information that would influence a disabled traveler's booking decision.

72. Defendant negligently or carelessly misrepresented, omitted, and concealed from disabled travelers material facts regarding the quality and characteristics of Hotel's accessibility.

73. Defendant made such false and misleading statements and omissions through a wide range of advertisement medium described herein and in Addendum A, with the intent to induce Plaintiff and Class Members to lodge at the Hotel.

74. Defendant was careless in ascertaining the truth of its representations in that it should knew or should have known that Plaintiff and Class Members would not realize the extent of accessibility barriers at the Hotel.

75. Plaintiff and Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to lodge at the Hotel.

76. Plaintiff and the Class Members would not have lodged at the Hotel if the true facts had been known.

### COUNT VII
**Violations of California's False Advertising Law**
**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

77. Plaintiff and Class Members reallege all allegations heretofore set forth.

78. California's FAL (Bus. & Prof. Code §§17500, et seq.) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

79. Throughout the relevant period, Defendant committed acts of false advertising, as defined by the FAL, by using false and misleading statements to promote the sale of its rooms to the disabled, as described above.

80. Defendant knew or should have known through the exercise of reasonable care that their statements were untrue and misleading.

81. Defendant's actions in violation of the FAL were false and misleading such that the disabled individuals are and were likely to be deceived.

82. As a direct and proximate result of these acts, Plaintiff and Class Members have been and are being harmed.

83. Plaintiff brings this action pursuant to Bus. & Prof. Code § 17535 for injunctive relief to enjoin the practices described herein and to require Defendant to issue corrective disclosures to consumers.

### COUNT VIII
**Violations Of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

84. Plaintiff and Class Members reallege all allegations heretofore set forth.

85. The UCL, Bus. & Prof. Code § 17200 et seq., provides, in pertinent part: "Unfair competition shall mean and include **unlawful, unfair _or fraudulent_** business practices and unfair deceptive, untrue or misleading advertising ...." The UCL also provides for injunctive relief and restitution for UCL violations.

### ***Unlawful***

86. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." _Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co._, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

87. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation. _Klein v. Chevron U.S.A., Inc._, 202 Cal. App. 4th 1342, 1383 (2012).

88. Defendant violated the "unlawful prong" by violating the ADA, Unruh, DPA state laws relating to misrepresentation and concealment all as alleged above.

89. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff and Class Members have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unlawful prong" violations.

90. Pursuant to Bus. & Prof. Code §17203, Plaintiff and the Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure §1021.5.

### ***Fraudulent***

91. The UCL, Bus. & Prof. Code § 17200 et seq., provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...."

92. Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL because Defendant made false representations as alleged above.

93. Plaintiff and the Class Members acted reasonably when they purchased Defendant's lodging services based on their belief that Defendant's representations were true.

94. Defendant knew or should have known, through the exercise of reasonable care, that their representations about its accessible lodging were untrue and misleading.

95. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff and Class Members have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "fraudulent prong" violation.

***Unfair***

96. The UCL, Bus. & Prof. Code § 17200 et seq., provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...."

97. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiff and the Class arising from Defendant's conduct outweighs the utility, if any, of those practices.

98. Defendant's practices as described herein are of no benefit to consumers who are tricked into paying exorbitant prices for an ordinary lodging room.

99. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff and Class Members have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unfair prong" violation.

100. Pursuant to Bus. & Prof. Code §17203, Plaintiff, and the California Class are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure §1021.5.

## COUNT IX
### Negligence

101.  Plaintiff and Class Members reallege all allegations heretofore set forth.

102.  Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

103.  Defendant breached this duty.

104.  Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

105.  Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

106.  Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

107.  Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

108.  Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

109.  Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)
[3] 42 U.S.C. §12101(a)(5)

110.   Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

111.   Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

112.   The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

113.   Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

114.   Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

115.   Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

116.   Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

117.   By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

118.   The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation

---

[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

119.   Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

120.   Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself, all others similarly situated and the general public, prays for judgment against Defendant as to each and every cause of action, including:

A. An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

B. An order maintaining this action as a class action and/or an order maintaining a particular issue class action pursuant to Federal Rule of Civil Procedure 23(c)(4);

C. An order requiring Defendant to bear the costs of class notice;

D. An order appointing Plaintiff as the class representative;

E. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, Cal. Civ. Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA"), (4) Intentional Fraud and Deceit Cal. Civ. Code §§1709 *et seq.*, (5) Fraud by Omission or Suppression of Fact Cal. Civ. Code §1710(3), (6) Negligent Misrepresentation, (7) Violation of California's False Advertising Law Cal. Civ. Code §§17500 *et seq.* (8) Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §§ 17200 *et seq.* and (9) Common Law negligence per se.; and

F.  Irrespective of Defendant's "voluntary cessation" of the ADA and Unruh violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

G.  Irrespective of Defendant's "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

H.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

I.  For damages in an amount no less than $4,000.00 per encounter with barrier; and

J.  For treble damages pursuant to Cal Civ. Code. §3345.

K.  The provision of whatever other relief the Court deems just, equitable and appropriate.

L.  An order awarding restitution in the amount of the purchase price paid by the Class Members for lodging;

M.  An order awarding disgorgement of Defendant's profits that were obtained from its ill-gotten gains in connection with its sales of lodging to Plaintiff and the Class Members;

N.  An order for rescission of purchase contacts and restitution for Defendant's unjust enrichment;

O.  A declaration of the rights and relations of the parties with respect to the purchase contracts and all further relief necessary to enforce the declaration;

P.  An order for injunctive relief requiring Defendant to conduct a corrective advertising campaign; and

18

Q. An order for injunctive relief prohibiting Defendant from continuing to advertise its lodging with false representations described herein;

R. An order for the accounting of Defendant's revenues, profits, and assets;

S. An order imposing a constructive trust or an equitable lien;

T. An award for punitive damages;

U. An order awarding attorneys' fees and costs; and

V. An order requiring Defendant to cease the acts of unfair competition alleged herein; and

W. Full restitution of all monies paid to Defendant as a result of their deceptive practices;

X. Interest at the highest rate allowable by law; and

Y. The payment of Plaintiff's attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure §1021.5; and

Z. Pursuant to Bus. & Prof. Code §17203:

    a. an order requiring Defendant to cease the acts of unfair competition alleged herein;

    b. full restitution of all monies paid to Defendant as a result of their deceptive practices;

    c. interest at the highest rate allowable by law; and

    d. the payment of Plaintiff's attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure §1021.5.

AA.    An order providing for all other such further relief as may be just and proper.

**JURY DEMAND**

121. Plaintiff and the proposed Class Members hereby demand a trial by jury on all issues so triable.

DATED this 7th day of February 2019.



PETER STROJNIK

Peter Strojnik

**ADDENDUM A**

## 3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION

### HOTELS.COM

**Hyatt Place Pasadena**  (Last booked 1 day ago)

399 E Green St, Pasadena, CA. 91101. United States. 866-925-9876



**3-star**

🏨 Pasadena
- 0.5 miles to City center
- 20 miles to Los Angeles Intl. (LAX)

🌙 Collect nights

✔ Just added

Great Rate

~~$599~~ **$179**

nightly price per room

✔ free cancellation
✔ pay now or at hotel

**Choose Room**

---

**Main amenities**

✔ 189 smoke-free guestrooms
✔ Restaurant and bar/lounge
✔ Outdoor pool
✔ 24-hour fitness center
✔ Self parking
✔ 24-hour business center
✔ Convenience store
✔ Snack bar/deli
✔ Conference space
✔ Limited hour front desk
✔ Free WiFi

**For families**

✔ Sofa bed
✔ Refrigerator
✔ Private bathroom
✔ Iron/ironing board
✔ Hair dryer
✔ Coffee/tea maker

---

### At a glance

**Key facts**

**Hotel size**
- This hotel has 189 rooms

**Arriving/leaving**
- Check-in time starts at 3:00 PM
- Check-out time is noon
> See more

**Required at check in**
- Credit card or cash deposit required
- Government-issued photo ID required

**Travelling with others**

**Children**
✔ No cribs (infant beds)

**Pets**
✔ Pets allowed (dogs only) *
✔ Restrictions apply *
✔ 2 per room (up to 50 lb)

**Internet**
✔ Free WiFi in public areas
✔ Free WiFi in rooms

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

| In the hotel | | |
|---|---|---|
| Food and drink | Restaurant | Bar/lounge | Snack bar/deli |
| Things to do | Outdoor pool | 24-hour fitness facilities |
| Working away | 24-hour business center | Conference space |
| | Conference space size (feet) - |
| Services | Front desk (limited hours) |
| Facilities | Number of buildings/towers - | Elevator/lift |
| Accessibility | Accessible bathroom | In-room accessibility |

**Special features**

**Dining**

**Coffee to Cocktail Bar** - Onsite cocktail bar. Open daily.

**Hyatt Place Pasadena, Pasadena's small print**

Also known as

• Hyatt Place Pasadena Hotel

Policies

Pet-friendly rooms can be requested by contacting the property at the number on the booking confirmation.

Optional extras

Self parking costs USD 20.00 per night

Pets are allowed for an extra charge of USD 75.00 per pet, per night

17

18

19

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

20

21

22

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

23

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.

**3RD PARTY BOOKING WEBSITE – ACCESSIBLE ROOM TYPES**

24

25

26

27

28

| Room, Accessible, Bathtub (2 Queenbed & 1 Sofabed) | Free cancellation Until 12/31/18 | Hotels.com® Rewards | $179 | Let's book |
|---|---|---|---|---|
| Sleeps 5 people (including up to 4 children) | Free Wi-Fi | Collect / Redeem | nightly price per room | Pay now or at hotel |
| Bed choices • 2 Queen Beds and 1 Double Sofa Bed | Free cancellation Until 12/31/18 | Hotels.com® Rewards | $194 | Let's book |
| Extra beds available • Sofa bed | Free Wi-Fi / Breakfast for 2 people | Collect / Redeem | nightly price per room | Pay now or at hotel |
| More Info: 866-539-8122 Show room information | | | | |

| Room, 1 King Bed, Accessible, Bathtub | Free cancellation Until 12/31/18 | Hotels.com® Rewards | $179 | Let's book |
|---|---|---|---|---|
| Sleeps 2 people (including up to 1 child) | Free Wi-Fi | Collect / Redeem | nightly price per room | Pay now or at hotel |
| Bed choices • 1 King Bed | Free cancellation Until 12/31/18 | Hotels.com® Rewards | $194 | Let's book |
| Extra beds available • Sofa bed | Free Wi-Fi / Breakfast for 2 people | Collect / Redeem | nightly price per room | Pay now or at hotel |
| More Info: 866-539-8122 Show room information | | | | |

| Suite, 1 King Bed with Sofa bed, Accessible, Bathtub | Free cancellation Until 12/31/18 | Hotels.com® Rewards | $294 | Let's book |
|---|---|---|---|---|
| Sleeps 3 people (including up to 2 children) | Free Wi-Fi / Breakfast for 2 people | Collect / Redeem | nightly price per room 1 left on our site | Pay now or at hotel |
| Bed choices • 1 King Bed and 1 Double Sofa Bed | | | | |
| Extra beds available • Sofa bed | | | | |
| More Info: 866-539-8122 Show room information | | | | |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.

**1ˢᵀ PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION**

https://www.hyatt.com/en-US/hotel/california/hyatt-place-pasadena/laczp?&mckv=sW7NccYqk_pdv_c_pcrid_320885098952_pmt_e_pkw_hyatt%20place%20pasadena_slid__pgrid_63936258637_ptaid_kwd-331831921128_&src=adm_sem_agn_pfx_crp_ppc_D+Brand-



Los+Angeles+Other-GoldGP  google  Brand-Los+Angeles+Other-HP+Pasadena-Exact  e  hyatt%20place%20pasadena  Brand  &gclid=EAIaIQobChMInej1qs7A 3wIVhv5kCh3V3QxCEAAYASAAEgJWKfD_BwE

**INSUFFICIENT ACCESSIBILITY INFORMATION**



**ADA**

Emergency strobe light and smoke detector

Wide doors

Closed-captioned TV

Lowered thermostat and light switches

Lowered peephole and door latch

Accessible bathroom

| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. | |
| **1ST PARTY BOOKING WEBSITE –ROOM DESCRIPTIONS** | |

23



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.

**PERSONAL OBSERVATIONS**



| **Identification of Specific Barrier in Plain Language:** No marked passenger drop off area. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



**Identification of Specific Barrier in Plain Language:** (1) Slope too steep. (2) Improperly configured handrails.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



| **Identification of Specific Barrier in Plain Language:** Improperly configured handrails. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



**Identification of Specific Barrier in Plain Language:** (1) No signage to accessible route. (2) Improperly configured handrails.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible check in counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



| **Identification of Specific Barrier in Plain Language:** Inaccessible snack bar items. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



**Identification of Specific Barrier in Plain Language:** Inaccessible drink shelves.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** Inccessible books in reading area. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. | |



| **Identification of Specific Barrier in Plain Language:** Shower water over 120°F. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



**Identification of Specific Barrier in Plain Language:** Door to ice machine requires more than 5 lbs to open.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



| **Identification of Specific Barrier in Plain Language:** Door to ice machine strikes with 30 lbs force from 90° open. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

| **Identification of Specific Barrier in Plain Language:** Door to ice machine closes in 3s from 90° open. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



| **Identification of Specific Barrier in Plain Language:** Door to room requires 9 lbs to open. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

| Identification of Specific Barrier in Plain Language: Door to room closes in 4s from 90° open |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19 | **Identification of Specific Barrier in Plain Language:** Reflective surface 42" (too high)/

20 | **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

23 | **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19  | **Identification of Specific Barrier in Plain Language:** Shower spray unit no shut off control. |

20  | **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |

23  | **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

25
26
27
28

| **Identification of Specific Barrier in Plain Language:** Improperly confgured shower unit. |
| --- |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



| Identification of Specific Barrier in Plain Language: Inaccessible safe. |
| --- |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



| |
|---|
| **Identification of Specific Barrier in Plain Language:** Inaccessible upper shelf. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible clothes iron and board.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019.



| **Identification of Specific Barrier in Plain Language:** Matteress too high. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |



| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** No working TV in "accessible" room. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. | |



| **Identification of Specific Barrier in Plain Language:** Dangerously insecure grab bar unable to support required weight. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about January 2, 2019. |

END

PRESS FIRMLY TO SEAL       PRESS FIRMLY TO SEAL        $ 007.35

AIL
UIRED

**PRIORITY**
**★ M**

DATE C

USPS T

INSUR/

PICKUF

* Domet

Peter Strojnik
2375 E. Camelback Road, Ste 600
Phoenix, Arizona 85016

FEB 1 1 2019

CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT CENTRAL DISTRICT
OF CALIFORNIA
350 WEST 1st, STE 4311
LOS ANGELES, CA 90012-4565

WHEN USED INT
A CUSTOMS I
LABEL MAY E

**UNITED STATES**
**POSTAL SERVICE ®**

**USPS TRACKING #**

9114 9014 9645 1716 8124 76

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE.**

14F July 2013
x 12.5 x 9.5





TRACKED*
★ ★ ★
INSURED*
★

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*



P S00001000014

EP14F July 2013
OD: 12.5 x 9.5



UNITED STATES
POSTAL SERVICE®

★ Domestic only.    ★ For international shipments, the maximum weight is 4 lbs.